IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LORENZA LEON HODGES, 600727,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-391-B |
| ) | |
| ) | |
| **RICK THALER, Director, TDCJ-CID,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Rick Thaler is Director of the TDCJ-CID.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

## II.   PROCEDURAL BACKGROUND

Petitioner does not challenge the validity of his underlying conviction and sentence. Rather, he challenges a prison disciplinary violation, number 20070162962, which he received at the Terrell unit of the TDCJ.

Petitioner was found guilty of sexual misconduct. Punishment was assessed at forty-five days loss of commissary privileges, forty-five days cell restriction, a reduction in line class from S3 to L1, and thirty days loss of good-time credits. Petitioner exhausted his administrative remedies prior to filing this action.

Petitioner argues:

(1) The hearing officer was biased against him, which denied him access to the courts and prevented him from presenting a defense. He seeks money damages for this claim and not restoration of good time credits; and

(2) The hearing officer retaliated against him for challenging the disciplinary charges, and therefore found him guilty of the charges.

## III.   DISCUSSION

### 1.   Relief not Available

In his first claim, Petitioner states he seeks money damages. A claim for money damages, however, is not properly brought pursuant to 28 U.S.C. § 2254. *See Cook*, 37 F.3d at 168 (*citing Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981)). This claim for relief should be denied.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

**2.  Good-Time Credits**

To the extent Petitioner challenges the loss of good-time credits in his second claim for relief, this claim also fails. Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In Texas, only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Petitioner is not eligible for release to mandatory supervision. Petitioner was convicted of murder. The mandatory supervision statute in effect at the time Petitioner committed the offense stated that: "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for . . . a first degree felony under Section 19.02, Penal Code (Murder)." TEX. CRIM. PROC. Art. 42.18 § 8(c)(1) (West 1990). Since Petitioner is ineligible for mandatory supervised release, the loss of good-time credits did not implicate a protected liberty interest. *Malchi*, 211 F.3d at 956-58.

**3.  Remaining Claims**

Petitioner also claims his disciplinary proceeding resulted in a loss of commissary privileges, a reduction in line classification and restriction to his cell. These claims, however, do not implicate a protected liberty interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d 192,

193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns).

Petitioner's claims should be denied.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 25th day of February, 2010.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).